IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JIM JOHNSTON, | ) |
| Petitioner, | ) Case No. 2:04-CV-1120 DB |
| v. | ) District Judge Dee Benson |
| STATE OF UTAH et al., | ) **MEMORANDUM DECISION** |
| Respondents. | ) Magistrate Judge Samuel Alba |

Petitioner, Jim Johnston, an inmate at Central Utah Correctional Facility, petitions for habeas corpus relief.[1] The Court denies the petition.

## BACKGROUND

Petitioner's final judgment of conviction was entered April 28, 1997. He was convicted of one first-degree-felony count of sodomy on a child, for which he was sentenced to six years to life; four second-degree-felony counts of sexual abuse of a child, for which he was sentenced to one-to-fifteen years a piece; and one misdemeanor count of lewdness involving a child, for which he was sentenced to one year.

On December 5, 2002, Petitioner's convictions were affirmed by the Utah Court of Appeals regarding all issues except the sentence for his sodomy conviction. The trial court had sentenced Petitioner to "an indeterminate term of not less than 6, 10, or 15 years and which may be for life in the Utah State

---

[1] See 28 U.S.C.S. § 2254 (2008).

Prison," which left the Board of Pardons to determine the sentence's length.  But, Utah law required the sentencing court to "'order imposition of the term of middle severity unless there are circumstances in aggravation or mitigation of the crime.'"[2] The other issues Petitioner raised, which were all affirmed, were challenges to (a) failure to change venue; (b) the variance between dates set forth in the information and dates from the victims' testimony; and (c) several alleged instances of ineffective assistance of counsel.  Petitioner did not petition the Utah Supreme Court for writ of certiorari.

On September 2, 2005, the trial court resentenced Petitioner, selecting six years to life, the shortest of the three possible ranges.  Noting the remand was for the narrow purpose of picking a sentencing range only, the trial court also denied all other relief Petitioner had sought while awaiting resentencing: motions to arrest judgment, for preparation of transcripts and the record, to reduce sentence, and to vacate his conviction.  When Petitioner appealed the trial court's failure to entertain these motions, the Utah Court of Appeals rejected his arguments, concluding that the mandate rule of the law-of-the-case doctrine kept the trial court from doing more than following the appellate court's direction to "'impos[e] sentence

---

[2]*State v. Johnston*, No. 971327, 2002 WL 31720957, at *1 n.1 (Utah Ct. App. Dec. 5, 2002) (unpublished) (quoting Utah Code Ann. § 76-3-201(6)(a) (Supp. 1997)).

for the sodomy on a child conviction.'"[3]  The Utah Supreme Court denied Petitioner's petition for writ of certiorari.[4]

Petitioner has brought no state post-conviction petitions.

In his original pro se petition here, Petitioner raised several grounds for federal habeas relief:  (1) about thirty allegations of ineffective assistance of trial counsel and four of ineffective assistance of appellate counsel; (2) denial of first appeal of right, when the Utah Court of Appeals decided his case after an "illegal" pourover from the Utah Supreme Court; (3) the lengthy delay before resentencing; (4) insufficient evidence and problems with evidence; (5) the sexual-abuse-of-a-child statute's confusing language; (6) various ways in which his trial was unfair--e.g., denied confrontation right, change of venue, continuance, several motions; (7) his sodomy sentence violated *Blakely v. Washington*[5]; (8) illegally conducted victim interviews; and (9) trial court errors--e.g., said posting of bail is sure sign of guilt; failed to address counsel conflict of interest and disqualify attorney charged with a sex offense and offer indigent resources to Petitioner; and withheld child victim statements from the jury.

---

[3] *State v. Johnston*, No. 20050878-CA, 2007 WL 1784019, at *1 (Utah Ct. App. June 21, 2007) (unpublished) (quoting *Johnston*, 2002 UT App 407).

[4] *State v. Johnston*, 186 P.3d 347 (Utah 2007) (table).

[5] 542 U.S. 296 (2004).

In his 2006 amended petition, Petitioner raised two new grounds for federal habeas relief: (1) on resentencing, Petitioner's due process rights were violated when the state trial court ignored all "presentence" motions pending; and (2) he was denied his first appeal of right because the appellate court did not have the complete trial court record to review--i.e., videotaped victim statements.

In his 2008 second amended petition, Petitioner raised other grounds for federal habeas relief: (1) The trial court incorrectly resentenced Petitioner because Petitioner was not represented by counsel; (2) again, due process violations on resentencing; and (3) the court did not apply *Blakely*'s directive that findings of fact regarding sentencing be made by a jury, not a judge.

The State responded to the original and amended petitions, arguing that his grounds were unexhausted[6] and that most of his

---

[6]The State incorrectly stated that Petitioner exhausted one argument--i.e., that the state trial court ignored the substance of his "presentence" motions pending at resentencing. In his petition here, Petitioner frames the claim as a due-process violation. However, that is not how he framed it in the Utah Court of Appeals. Due process was not mentioned in his brief, nor in the court of appeals' decision. Thus, Petitioner did not exhaust his *federal* claim in state court, as he must to proceed with it further here.

Perhaps Petitioner may argue that his state appellate arguments "implied" he was denied his due process rights under the Fifth and Fourteenth Amendments. This Court sees no such implication. And, even assuming an implication, "[i]t is not sufficient that all the facts necessary to support a federal claim were before the state court or that a similar state-law claim was made." *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998); *see also Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (holding no exhaustion when "all the facts" were presented, "[y]et the constitutional claim . . . inherent in those facts was never brought to the attention of the state courts"); *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988) ("[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some

4

claims are procedurally defaulted.

## ANALYSIS

The Court determines that all grounds raised by Petitioner were unexhausted and most are procedurally defaulted. The Court chooses to deny this entire petition on the merits as discussed below.[7]

### I. Exhaustion and Procedural Default

Most of Petitioner's unexhausted issues are procedurally barred. The Court now sets forth the basic law as to exhaustion and procedural default, then applies it to this petition.

In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in the

---

makeshift needles in the haystack of the state court record. . . . Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."). State courts must be given the chance to cure alleged breaches of federal rights by being "'alerted to the fact that the prisoners are asserting claims under the United States Constitution.'" *Knapp*, 1998 WL 778774, at *2 (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). The critical question "is whether the 'substance' of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *See id.* (quoting *Picard*, 404 U.S. at 278); *see also Martens*, 836 F.2d at 717 ("The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined.").

Nothing in Petitioner's state appellate arguments as to his "resentencing" motions even subtly hinted at federal due process underpinnings, let alone explicitly stated a federal constitutional claim as required. Although Petitioner retrospectively casts his state-law arguments in due process terms, "'errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause.'" *Carson v. Director*, 150 F.3d 973, 975 (8th Cir. 1998) (citation omitted). Under the circumstances, this Court cannot say that Petitioner "fairly presented and gave notice of his due process claim" to the Utah appellate courts. *See Knapp*, 1998 WL 778774, at *3. Thus, any federal grounds for relief as to the "resentencing" motions are technically unexhausted.

[7] 28 U.S.C.S. § 2254(b)(2) (2008) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Utah courts.[8] This means Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief.[9] Here, Petitioner has not presented any of his issues to the highest Utah court available, the Utah Supreme Court.

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief."[10]

Utah's Post-Conviction Remedies Act (PCRA) states, "A person is not eligible for relief under this chapter upon any ground that . . . could have been but was not raised at trial or on appeal."[11] Many of the grounds Petitioner raises could have been brought on direct appeal (either from the original sentencing or resentencing), and are, therefore, now ineligible for state post-

---

[8] See id. § 2254(b) & (c); Picard, 404 U.S. at 275-76; Knapp, 1998 WL 778774, at *2.

[9] See Picard, 404 U.S. at 275-76; Knapp, 1998 WL 778774, at *2.

[10] Thomas v. Gibson, 218 F.3d 1213, 1221 (2000) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).

[11] Utah Code Ann. § 78B-9-106(1)(c) (2008); cf. Hale v. Gibson, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not. Accordingly, [petitioner] has defaulted his claim . . . .").

conviction relief: (1) his allegations of ineffective assistance of trial counsel; (2) his attack on the supreme court's pourover of his appeal to the court of appeals; (3) insufficient evidence and problems with evidence; (4) the confusing language of the sexual-abuse-of-a-child statute; (5) his trial's unfairness; (6) the illegally-conducted victim interviews; (7) various trial court errors; (8) denial of his first appeal of right because of the purportedly incomplete trial court record; (9) the lengthy delay before resentencing; (10) violation of Petitioner's due process rights when the trial court refused to address the merits of his "presentencing" motions on resentencing; and (11) Petitioner's lack of representation on resentencing.

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'"[12] Indeed, Petitioner does argue cause and prejudice and a fundamental miscarriage of justice justify his procedural default. Specifically, he asserts that state proceedings were unfairly delayed and state courts generally failed to follow any of their own rules--e.g., the pourover incident. He also proclaims his actual innocence, apparently loosely based on all his arguments here.

---

[12] *Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted).

"[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules."[13]  Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage.'"[14]

As to cause and prejudice, Petitioner's argument--essentially, the futility of further pursuing his claims to the Utah Supreme Court--contains nothing but vague and unsupported assertions of unfairness and reference to unexhausted claims. These do not sustain Petitioner's burden of showing that objective factors external to the defense hindered him in meeting state procedural demands.  Nor do they at all hint how he was *actually* and substantially disadvantaged.

As to miscarriage of justice, Petitioner suggests that he is actually innocent.  "The miscarriage of justice exception is extremely narrow, arising only 'where a constitutional violation has probably resulted in the conviction of one who is actually

---

[13] *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted).

[14] *Butler v Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

innocent.'"[15] Petitioner is burdened with making "a proper showing of factual innocence."[16] However, his mere rehashing of the evidence and alleged violations of his civil rights in state proceedings does nothing to convince this Court that the exception applies.

In sum, the Court determines none of Petitioner's issues were taken before the Utah Supreme Court. Because under state law most of those questions no longer qualify to be raised in Utah courts, the Court concludes that they are technically exhausted, barred by state procedural law, and procedurally defaulted in this federal habeas case. Indeed, Petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice excusing his default. On this basis, the Court denies relief on the following challenges: ineffective assistance of trial counsel, illegal pourover, insufficient and problem evidence, confusing statutory language, unfair trial, illegal victim interviews, trial court errors, incomplete record on appeal, delay of resentencing, due process violations stemming from the trial court's failure to consider the substance of Petitioner's "presentencing" motions at his resentencing hearing, and the fact that he was unrepresented on resentencing.

---

[15] *Gilkey v. Kansas*, No. 02-3227, 2003 WL 245639, at *2 (10th Cir. Feb. 4, 2003) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (quotation and citation omitted)).

[16] *Byrns v. Utah*, No. 98-4085, 1998 WL 874865, at *3 (10th Cir. Dec. 16, 1998) (unpublished) (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1992)).

## II.  Remaining Issues

### A.  Ineffective Assistance of Appellate Counsel

Petitioner asserts his appellate counsel were ineffective in four situations, when: (1) appointed counsel Hummel asked Petitioner for money to pay associate counsel Hofeling; (2) counsel Hummel had a conflict of interest because he also represented Petitioner's wife in related matters; (3) both counsel withdrew with an open remand from the Utah Court of Appeals to the trial court to correct Petitioner's sentence and did not ensure Petitioner got certiorari review as necessary; and (4) counsel did not object to the illegal pourover.

To determine if counsel were ineffective, this Court applies the standard of *Strickland v. Washington*.[17] Petitioner must show either one of two requirements: (1) that his counsel performed deficiently--i.e., that his counsels' errors were so serious that counsel were not operating as the counsel pledged Petitioner by the Sixth Amendment.[18]  (2) Petitioner must show that his defense was prejudiced by his counsels' deficient performance.[19]

The Court decides against Petitioner's ineffective-assistance-of-appellate-counsel claims on the latter prejudice prong.  "An error by counsel, even if professionally

---

[17] 466 U.S. 668 (1984).

[18] *Id.* at 687.

[19] *Id.* at 687.

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[20] Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's [allegedly] unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[21] This means that the errors were so grave as to rob him of a fair trial, with a reliable, just result.[22] None of Petitioner's claims rise anywhere near this level.

First, Petitioner's two assertions of conflict of interest are sketchy at best. (a) Petitioner cursorily contends that appointed counsel Hummel's "need for money caused a self imposed conflict of interest" when Hummel asked Petitioner, who was indigent, for money to pay assistant appellate counsel Hofeling. (b) He states a conflict of interest involving counsel Hummel because Hummel was also representing Petitioner's wife "in related matters." Petitioner gives no further details about these situations, nor any clue at all about how these alleged conflicts may have affected his appeal's outcome. And, the Court is unable to fill in the gaping holes.

---

[20] *Id.* at 691.

[21] *Id.* at 694.

[22] *Id.*

Second, Petitioner complains that both appellate counsel withdrew shortly after his case was remanded to the trial court to correct his illegal sentence, while both knowing that certiorari review was necessary. However, the Utah Supreme Court's jurisdiction to grant certiorari review of cases from the court of appeals is discretionary.[23] And, "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals."[24] Thus, Petitioner was not entitled to effective assistance of counsel in seeking certiorari review in the Utah Supreme Court and could not have been constitutionally prejudiced by counsels' withdrawal.[25]

Finally, Petitioner cannot show unfair prejudice based on counsels' failure to raise the issue of whether the Utah Supreme Court illegally poured over his appeal to the Utah Court of Appeals. This is because the pourover was validly within the law. After all, under Utah Code Ann. § 78A-3-102(4), "The Supreme Court may transfer to the Court of Appeals any of the matters over which the Supreme Court has original appellate jurisdiction"--e.g., sodomy of a child, a first-degree felony.[26]

---

[23] Utah Code Ann. § 78A-3-102(5) (2008).

[24] Wainwright v. Torna, 455 U.S. 586, 587-88 (1982).

[25] See id.

[26] Utah Code Ann. § 78A-3-102(4) (2008) ("The Supreme Court has appellate jurisdiction . . . over . . . appeals from the district court involving a

And, none of the exceptions to that statute apply to Petitioner's case.

### B.   Sodomy Sentence Violated *Blakely*

Petitioner's assertion that his sodomy sentence violates *Blakely v. Washington*[27] completely misses the mark. *Blakely* (in which the Supreme Court held, in the context of Washington's *determinate* sentencing scheme, that a judge could not, based on a fact found by himself and not the jury, increase a defendant's sentence beyond the statutory maximum) is inapposite to this case, involving a state *indeterminate* sentencing scheme and the determination of length of imprisonment *within a valid sentencing range*. Further, the Supreme Court has specified that indeterminate sentencing schemes are constitutional.[28]

### CONCLUSION

Most of Petitioner's claims are procedurally barred. The remaining claims--regarding ineffective assistance of appellate counsel and *Blakely*--are without merit. IT IS THEREFORE ORDERED that the habeas corpus petition and motion to vacate convictions under § 2254 are DENIED. (*See* File Entry #s 3 & 6.)

---

conviction or charge of a first degree felony . . . .").

[27] 542 U.S. 296 (2004).

[28] *Id.* at 308-09.

IT IS FURTHER ORDERED that Petitioner's motion to strike is DENIED. (*See* File Entry # 30.)

DATED this 19th day of January, 2009.

BY THE COURT:

_____
DEE BENSON
United States District Judge